## Chicago & Alton Railroad Company v. Nels Nelson.

1. NEGLIGENCE—*Contributory on the Part of the Plaintiff.*—In an action for damages resulting from injuries received by the plaintiff in a collision with a locomotive at a railroad crossing, if it appears that the plaintiff was guilty of reckless conduct in attempting to make the crossing, he can not recover.

2. SAME—*Erection of Telegraph Poles on the Right of Way—Freight Cars Standing on the Track.*—It is not negligence in a railroad company to maintain telegraph poles on its right of way, or to permit freight cars to stand upon its side tracks so as to obstruct the view of approaching trains.

3. PRACTICE—*Matters of Demurrer Not to be Urged on Appeal.*—Matters which may be properly urged against a declaration on demurrer, can not, after a plea of not guilty, be raised upon appeal.

4. SAME—*Harmless Error.*—The plaintiff in an action for personal injuries amended his declaration. The defendant filed a plea of the statute of limitations, to which the court improperly sustained a demurrer, but as the evidence showed that the accident was not attributable to the causes set forth in the amended declaration, the error in sustaining the demurrer was harmless.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Livingston County; the Hon. ALFRED SAMPLE, Judge, presiding. Heard in this court at the December term, 1894. Reversed. Opinion filed May 28, 1895.

J. N. BROWN and C. C. STRAWN, attorneys for appellant.

R. S. McILDUFF and A. C. BALL, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

On the 13th of March, 1888, while appellee with a team and wagon load of bailed straw was in the act of crossing appellant's railroad at South street, in Dwight, Illinois, a north bound passenger train of appellant collided with the wagon, and threw appellee out with such violence as to cause him very serious and permanent injury.

On the 20th of November, 1890, he brought this suit. The case was continued from term to term until the October term, 1893, when a trial was had resulting in a disagreement of the jury. It was continued over two subsequent terms of the court until the October term, 1894, when a second trial was had, resulting in a verdict and judgment in favor of appellee for $5,000.

The negligence set forth in the various counts of the declaration consisted of failure to ring a bell or sound a whistle continuously for eighty rods before reaching the crossing, careless and improper management of the train at the crossing, improper rate of speed of the train through the village of Dwight, failure to keep a watchman stationed at the crossing where the accident occurred, to notify persons desiring to cross of the approach of trains, and the maintaining by appellant upon its right of way and in proximity to its tracks of buildings, telegraph poles and cars so situated as to obstruct the view and prevent persons desiring to cross from seeing an approaching train.

It is contended by counsel for appellant that the declaration does not state a cause of action, and a great deal is said about the uncertain and indefinite language employed in setting out the wrongful acts complained of and how they operated to cause the injury. Much of what is said under this head would be quite appropriate upon demurrer to the declaration, but after plea of "not guilty," and trial, can

hardly be considered by us on this appeal. Nor do we deem it necessary under the view we take of the evidence to consider in this opinion the numerous alleged errors of the Circuit Court in ruling upon questions of evidence and the giving, modifying and refusing of instructions offered.

There is an absence of any proof of negligence against the railroad company in failing to give the statutory warning of the approach of the train for eighty rods before reaching the crossing, or in the management of the train and engine at the crossing. The company was under no legal obligation to keep a watchman stationed at the crossing to notify persons of approaching trains, and there was no ordinance of the village of Dwight in force at the time limiting the speed of trains passing through the village. The speed of the train at the time of approaching the crossing was not such, taking into consideration the frequency of travel over the crossing, as to make it negligence.

The only approach to proof of negligence against the railroad company was upon the charge of maintaining upon its right of way and in proximity to its track, obstructions which shut off the view of the track from the crossing and highway leading to it as set out in the fourth and fifth counts of the declaration.

It can hardly be contended seriously that buildings were so situated as to obstruct the view. But it is urged that the evidence shows that it was obstructed by freight cars standing upon a side track south of the crossing and telegraph poles. Upon the trial the court permitted the fourth and fifth counts to be amended by adding as obstructions the words, "telegraph poles and cars." To the counts as amended a plea of the statute of limitations was filed to which the court sustained a demurrer. We think the contention that the court should have allowed the plea to stand, unimportant, because we do not believe that the collision was attributable to appellee's view of the approaching train being obstructed by cars and telegraph poles, and because we do not think it is negligence in a railroad company to maintain telegraph poles on its right of way or to permit

freight cars to stand on its side track so as to obstruct the view of an approaching train. A railroad company has the right to erect telegraph poles on its right of way, and to maintain as many arms thereon as are necessary to carry the wires required for its business. It has the right to place its cars on its side tracks and allow them to remain for such time as the needs of the business may require. As was well said by Judge' Bailey in an opinion delivered while on the Appellate Court of the Second District, " This is one of the main purposes for which the tracks are constructed, and their purpose and legitimate use can not of itself render the railway company obnoxious to the charge of negligence." Garland v. C. & H. W. Ry. Co., 8 Bradwell 571; W., St. L. & P. Ry. Co. v. Hicks, 13 Ill. App. 407.

The evidence in the record shows that appellee, at the time of the accident, was a farm hand about twenty years of age, engaged in hauling baled straw on a wagon and hay rack from a farm several miles west of Dwight to that place. It was his second trip for that day. Seated on an elevation of twelve or fourteen bales, he had driven for some distance along a highway running parallel with the railroad and intersecting with South street at a point adjacent to the crossing where he was injured.

He testified that just before reaching the crossing he stopped his team, looked and listened, and being unable to see or hear a train, drove on, when his wagon was struck by the engine and he thrown off and knocked senseless. In his statement that he stopped and listened for a train just before going upon the crossing, he is contradicted by disinterested witnesses and the circumstances. In fact the evidence shows he was warned of the approach of the train by three different individuals, whose opportunities for seeing and hearing were no better than his. He denies that he heard them, but we are well satisfied from the evidence that he heard the witness Norriss. In addition to their testimony there is that of witness George B. Ketcham, who heard the shrill alarm whistle of the engine when fifteen rods from the crossing, that appellee could have stopped on

the west side of the crossing after that whistle sounded and avoided the collision, but that instead of doing so he began urging his team across.

A careful consideration of all the evidence satisfies us that appellee knew the train was approaching in ample time to have stopped his team and avoided the injury, but thinking he could clear the crossing before the train reached him, endeavored to do so. With a heavy load he was unable to urge his team into sufficient speed to accomplish his fool-hardy purpose. His present unfortunate condition is attributable to his own reckless conduct.

The judgment should be reversed, and with the views which we entertain of the facts, the cause should not be remanded. Judgment reversed.

FINDING OF FACTS TO BE INCORPORATED IN THE JUDGMENT.

The court finds that the appellant is not guilty of the negligence set up in either count of appellee's declaration; that the appellant is in no wise responsible for the injuries complained of by appellee; that such injuries were occasioned by the negligence of the appellee in attempting to cross appellant's railroad track in front of an approaching train, and that appellee has no cause of action against appellant.